Stacey Witherell, Employee Services Manager Human Resources Department City of Little Rock 500 West Markham, Suite 130W Little Rock, AR 72201-1428
Dear Ms. Witherell:
I am writing in response to your request for my opinion, pursuant to A.C.A. § 25-19-105(c)(3)(B), regarding the release of certain records under the Freedom of Information Act ("FOIA"), A.C.A. §§ 25-19-101 through -109 (Repl. 2002 and Supp. 2005). Specifically, you have asked for my opinion regarding the release of certain documents in response to an FOIA request seeking "details about written reprimands, suspension and firings of firefighters in the City of Little Rock for the last 6 months." The requestor expresses an interest in "the kind of offenses and the remedies" and is also interested in "the rank of those disciplined and the length of their service to the city, not necessarily their names." You state that it is your "interpretation that since the request asks for the records without the name of the employee that all the disciplinary actions are releasable as long as the information does not allow an individual to easily identify the employee, in this case, by rank or length of service." Additionally, you note, "for the record to be released the disciplinary action has had to reach final administrative resolution."
In addition to your question regarding the exempt status of the requested records, you have posed a second question, as follows:
 If the records are releasable with the names redacted, is the City required to notify the individuals whose records are released?
RESPONSE
The FOIA request made in this instance is somewhat unclear, as an initial matter, as to whether the requester is seeking simple statistical summaries reflecting the information, or has requested the actual underlying evaluation or job performance records of individual firefighters. If the request is for statistical information only, in my opinion the requester is entitled to such information under the FOIA if the City maintains it. Such statistical information should of course not display the names of individual employees or otherwise operate to identify them. If the City does not already have records reflecting such statistical information, but can compile the information electronically with minimal cost and time, the information "should" be provided under A.C.A. § 25-19-109 as a "special request for electronic information." If, on the other hand, the request is for the actual, underlying job performance records evidencing the disciplinary actions, in my opinion these records may not be released unless the test for release of such records is met. In my opinion you may not simply redact the names and release the records unless the test for the release of the records has been met.
You have not provided any records for my review and as a consequence I cannot definitively determine the public nature of particular records. I can set out the legal framework for analyzing the request, however.
The FOIA defines public records and then lists a number of exemptions which shield certain types of documents from public inspection. Seegenerally, A.C.A. § 25-19-103(5) and § 25-19-105(b) and (c)(1). One such exemption provides that:
 (c)(1) Notwithstanding subdivision (b)(12) of this section, all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure.
A.C.A. § 25-19-105(c)(1).
This office has consistently opined that job performance records are "any records that were created at the behest of the employer and that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents. . . ." See Op. Att'y. Gen.2005-011. Job performance records may not be released unless 1) there has been a suspension or termination;[1] 2) the records formed a basis for the suspension or termination; 3) all administrative appeals are final; and 4) there is a compelling public interest in their disclosure. It has been stated, however, that the exemption above:
 . . . should not be construed to include agency-wide or departmental summaries of evaluations, statistical data, or other records based on individual evaluations but not identifying a particular employee. Although the FOIA itself does not require agencies to prepare such compilations, the agencies may choose to do so on their own. . . . These records, which would pose no threat to individual privacy or to the integrity of the evaluation system if released, should not be considered evaluation records for purposes of the exemption.
Watkins and Peltz, The Arkansas Freedom of Information Act at 199 (4th
Ed. 2004). See also, Op. Att'y. Gen. 1991-153.
The request in this instance seeks information regarding disciplinary actions. It is somewhat unclear, however, whether the request seeks only statistical information or the actual underlying job performance records of individual firefighters.
In my opinion the former must be released under the FOIA if maintained by the City and if not maintained, "should" be compiled by the City if the information is electronic and the time and cost involved are minimal. In this regard A.C.A. § 25-19-109 states that:
 (a)(1) At his or her discretion, a custodian may agree to summarize, compile, or tailor electronic data in a particular manner or medium and may agree to provide the data in an electronic format to which it is not readily convertible.
 (2) Where the cost and time involved in complying with the requests are relatively minimal, custodians should agree to provide the data as requested.
A.C.A. § 25-19-109(a)(1) and (2). See also, Op. Att'y. Gen. 2003-095
(stating that ". . . if the requestor in this instance does not wish to view the records that exist containing this information, the custodian has the option of compiling the data pursuant to § 25-19-109").
In my opinion, however, the actual underlying job performance records of individual firefighters may not be released, even with the names redacted, if the test for the release of job performance records has not been met. I touched upon this issue in Op. Att'y. Gen. 2004-012, wherein I stated:
 . . . the FOIA expressly contemplates releasing redacted excerpts of personnel records under appropriate circumstances, whereas it flatly prohibits releasing any portion of an employee evaluation/job performance record unless the three conditions discussed above apply.
* * *
 . . . A.C.A. § 25-19-105(c) provides that "all employee evaluation or job performance records, including preliminary notes and other materials" (emphasis added) will be subject to disclosure only if the three conditions discussed above apply. In my opinion, this standard is simply inconsistent with the concept of issuing redacted employee evaluation/job performance records.
Id. at 8.[2] (Emphasis original.)
In my opinion, therefore, the custodian may not simply release any and all job performance records with the names of individual employees redacted without regard to the test for release of these records. If the test for the release of these underlying records has been met, however (i.e., there has been a final suspension or termination and the records formed a basis for the action and there is a compelling public interest in disclosure), in my opinion the City must release the records if this is the type of record sought by the requestor and the City should not redact the names in that instance. Cf. Op. Att'y. Gen. 2005-175
(concluding that underlying notices of suspension and termination of Little Rock firefighters over a certain period must be released if the A.C.A. § 25-19-105(c)(1) test has been met).
In light of my conclusion above, it becomes clear, in response to your second question regarding the required notice to employees, that if the request is for statistical information only, that type of record is not considered an "employee evaluation or job performance record." Seediscussion, supra. In my opinion, therefore, the notice requirement of A.C.A. § 25-19-105(c)(3)(A)[3] would not apply. In my opinion, however, if the request is for the actual, underlying employee evaluation or job performance records, notice to the employee must be given and the proper test for release applied. Consultation and clarification with the requester of the exact records sought may be necessary.
Deputy Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE Attorney General
MB:ECW/cyh
[1] A "reprimand" is not sufficient to meet the test. See e.g., Ops. Att'y. Gen. 98-006 and 91-303.
[2] In my opinion this conclusion is not inconsistent with A.C.A. §25-19-105(f)(1), which states that: "[n]o request to inspect, copy, or obtain copies of public records shall be denied on the ground that information exempt from disclosure is commingled with nonexempt information." In this instance, access to employee evaluation or job performance records is not being denied on the ground that exempt information is commingled with nonexempt information. Rather, access is being denied because the test for release of employee evaluation or job performance records has not been met. Redaction of an individual's name, in my opinion, does not destroy the character of the record as an "employee evaluation or job performance record" for purposes of the applicable exemption.
[3] This subsection provides as follows: "Upon receiving a request for the examination or copying of personnel or evaluation records, the custodian of the records shall determine within twenty-four (24) hours of the receipt of the request whether the records are exempt from disclosure and make efforts to the fullest extent possible to notify the person making the request and the subject of the records of that decision." (Emphasis added).